## Fred C. Struckmeyer v. The People of the State of Illinois.

### Gen. No. 13,027.

1. RECEIVER—*when party not bound to turn over money to.* A party is not obliged to turn over money to a receiver pending the determination of the question of his right to retain such fund as his own.

2. CONTEMPT—*what is not.* It is not a contempt of court for a party to fail to refuse to pay a mere money decree.

Creditor's bill. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed. Opinion filed April 12, 1907.

**Statement by the Court.** This is an appeal from an order of the Circuit Court committing appellant for contempt for failing to comply with a decree wherein appellant was ordered to pay certain money said to be in his hands.

The suit in which the order appealed from was entered was a creditor's bill by William Weimers against Herman C. Degner, Francis M. Sullivan, administrator, and appellant, and was based on a decree in favor of complainant against said Degner for $170.65. The bill alleges transfers to Sullivan and appellant of property wherein Degner is alleged to have some interest. Said Degner, the principal defendant, was defaulted. Appellant answered denying that he had any property in his hands in which said Degner had any interest. The final decree recites *inter alia* that Degner had assigned to appellant a judgment which was a claim against the estate of a third person, Mette Degner, deceased. It finds that Degner had no interest at the time the bill was filed, nor at the time of the entry of the decree, in the judgment so assigned to appellant, that appellant had collected various amounts on the said judgment, which money so collected was unconditionally his own absolute property; but finds that prior to the filing of the creditor's bill appellant had represented to the complainant that he—appellant—

would receive money on the judgment which had been so assigned to him, in which money H. C. Degner would have an interest sufficient to satisfy the decree in favor of complainant, and that by reason of such representation appellant was estopped as to the complainant from denying that he had money wherein H. C. Degner had an interest. Wherefore appellant is ordered to pay the decree in favor of complainant with interest and costs.

Subsequently appellant was ruled to show cause why he should not be punished as for contempt for failure to comply with the decree and pay over' to the complainant the amount found due and owing to him from said H. C. Degner. Appellant was adjudged guilty of contempt of court for such failure and was ordered committed to jail not to exceed six months or until he should pay as the decree directed, or until discharged by due process of law.

F. M. WILLIAMS, for appellant.

ELMER E. WAGNER, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The decree for non-compliance with which appellant has been adjudged guilty of contempt of court expressly finds "that said Struckmeyer was not indebted to said defendant Degner in any amount at the time the bill was filed and is not now indebted to him and has no money or property in his hands for which to account to said Degner; that the money by him received out of the estate of Mette Degner is the money and property of said Struckmeyer, absolute and unconditional." Yet appellant Struckmeyer is by the decree required to pay to the complainant in the creditor's bill the debt of H. C. Degner to that complainant, not because appellant owes said Degner anything, nor because he owes said complainant anything, nor because he has in his hands any money belonging to them or either of them, but because that prior to filing the creditor's bill he represented to said

complainant and led the latter by such representation to believe that he would receive out of the estate of Mette Degner, deceased, money in which H. C. Degner had or would have an interest sufficient to satisfy complainant's claim under his judgment against said H. C. Degner. The decree finds that appellant is estopped "by reason of said representation and statements  *  *  *  to deny that he has money in his hands belonging to said H. C. Degner."

The appeal before us is not from the decree, but from the order adjudging appellant guilty of contempt of court for failing to comply with it and pay appellee the amount of the latter's judgment against H. C. Degner. Appellee endeavors to justify the decree and the order by reason of a prior order entered, it is said, with appellant's consent, to the effect that "he retain in his hands until the further order of court out of the moneys which have heretofore been paid over to him from the estate of Mette Degner, deceased, as assignee of the claim and interest of Herman Degner in said estate," sufficient for the purpose of paying appellee's judgment. The contention is that thereafter appellant held this money, which the court now finds to be entirely his own, "as a receiver or other officer of court might have done for the benefit of Weimers, the judgment creditor of Degner." It would seem that the statement of this proposition is its sufficient refutation.

We agree with appellee that the payment ordered by the decree "was not a debt or obligation founded upon contract due from Struckmeyer." But the trouble is it was not a debt of any kind due from him. Appellant was not required to pay over the money in controversy to a receiver or other officer of court pending the determination of his right to retain it as his own. Had he been so required and had such an interlocutory order made for the preservation and holding of the property during the litigation been disobeyed, a different question would be presented. Even though such order should be erroneous, yet in case the court had jurisdiction over the parties, refusal to obey it might have been considered "a contempt committed in the face of the court."

Tolman v. Jones, 114 Ill., 147–153 *et seq.* In such case, however, when the court by its final decree found appellant to be the owner of the fund, he would have been entitled to get it back again from the receiver. Complainant would have had no right to it. We fail to see how complainant acquired any better right because the fund remained in appellant's hands pending the litigation.

The decree is inconsistent on its face, finding first that the money in question belongs to appellant, and then that he is estopped from retaining his own, because he had agreed to an order requiring him to retain it pending the litigation, or because he had at one time represented and, so far as appears, may have honestly believed that he would receive sufficient over and above his own share to pay appellee's claim against H. C. Degner also. The portion of the decree which directs him to pay to appellee the amount of the latter's judgment against Degner is at the most a mere money decree, which there is no "more reason for declaring a party in contempt for failing to pay * * * than he would be for refusing to pay a judgment at law." Goodwillie v. Milliman, 56 Ill., 523–526. Neither the constitution nor any statute, so far as we are advised, authorizes a court of equity to imprison in the first instance for a failure to pay a money decree. Constitution of 1870, article 2, section 10.

The order appealed from adjudging appellant guilty of contempt and committing him to jail is erroneous and it is therefore reversed.

*Reversed.*