## August Bober, Appellee, v. City of Chicago, Appellant.

### Gen. No. 15,110.

1. STATUTE OF LIMITATIONS—*when new cause of action not set up.* The striking out of certain words contained in a declaration which does not vary the nature or character of the charge of negligence made, is not the setting up of a new cause of action.

2. NEGLIGENCE—*what does not relieve city from liability in failing to keep its streets in repair.* It is the duty of a city to use reasonable care to keep its streets in a reasonably safe condition and it will not be absolved or excused from the performance of that duty by an ordinance providing that the receiver of a street railway shall keep a portion of such street in repair.

Bober v. City of Chicago, 155 Ill. App. 561.

Action in case for personal injuries. Appeal from the Circuit
Court of Cook county; the Hon. SOLON PHILBRICK, Judge, presiding.
Heard in this court at the October term, 1908. Affirmed. Opinion
filed May 19, 1910.

**Statement by the Court.** Plaintiff brought in the
Circuit Court an action on the case against the City of
Chicago and the receivers of a certain street railway
company to recover for personal injuries alleged to
have been sustained by him through the negligence of
the defendants.

The first count of the declaration alleged that the
City of Chicago was possessed and had control of
Orleans street, a public street, etc.; that said receivers
were in possession of a double track street railway in
said street; that the defendants negligently, etc., suf-
fered and permitted a large, deep and dangerous hole
to be and remain in said street and in the paving of
said street along and adjacent to said railway tracks
and on the right of way of said railway at or near the
north intersection of said Orleans street and Indiana
street; that the defendants knew of the existence of
said hole for a sufficient time to enable them to repair
the same by the exercise of reasonable care, etc.; that
by reason of such negligence while plaintiff was driv-
ing a team and wagon on Orleans street at the place,
etc., in the exercise of due care, etc., one of the wheels
of his wagon dropped into said hole and thereby he was
thrown from the wagon to the ground, run over by the
wagon and injured, etc.

The second count repeats in substance the allega-
tions of the first and further avers that said receivers
were in possession of said railway under and by virtue
of an ordinance of the city of Chicago granting to them
a franchise to maintain said tracks in said street and
providing that said receivers should maintain paving
on said street and "should keep sixteen feet in width
where a double track should be laid in good condition
and repair," etc., and averring that the hole was

within the said sixteen feet. The defendants pleaded not guilty.

The defendants offered no evidence. After plaintiff rested he, by leave of the court, filed an amendment to his declaration dismissing the first count as to the sole surviving receiver, and amending said count by striking out the allegation that the hole mentioned in said count was "within and upon the right of way of said railway." The common law record states that "thereupon the defendant city of Chicago enters herein its plea of the statute of limitations," and that plaintiff's demurrer to said plea was sustained; but there is no such plea in the record. The jury by direction returned a verdict finding the defendant receiver not guilty. The cause was submitted to the jury on the issues joined between plaintiff and the city of Chicago and a verdict returned finding the defendant city guilty and assessing plaintiff's damages at $8,500. The court denied the motion of the city for a new trial, and from a judgment on the verdict the city prosecutes this appeal.

Edward J. Brundage and John R. Caverly, for appellant; Edward C. Fitch and D. H. Wamsley, of counsel.

Quin O'Brien and Lawrence W. Potter, for appellee.

Mr. Justice Baker delivered the opinion of the court.

It is a sufficient answer to appellant's contention that the court erred in sustaining the demurrer to the plea of the statute of limitations, that there is no such plea in the record. But if the recitals of the common law record that such a plea was filed and a demurrer to it sustained could be held to bring the question before us for review, it is clear that the amendment to the first count striking out certain words did not in-

troduce a new or different cause of action, and that the plea of the statute of limitations was no answer to the count as amended.

The contention of appellant that there is a variance between the pleading and the proof is without merit.

The court did not err in refusing to give defendant's instruction 10, on the subject of the care plaintiff was required to exercise for his own safety. The instruction is not free from objection, and the jury was fully and properly instructed on that subject by other instructions given for the defendant.

Appellant also contends that the verdict is against the evidence and that the damages are excessive.

Orleans street, a north and south street, crosses Indiana street, and in each street was a double track railway. Appellant contends that the evidence fails to show that the intersection of Orleans and Indiana streets, north of the railroad tracks in Indiana and east of the tracks in Orleans street, had ever been paved. We think that from the evidence the jury might properly find that said street intersection east of the tracks in Orleans street on both sides of the tracks in Indiana street had at one time been paved with blocks; that at the time of the accident and for a year or longer before that time there were no blocks east of and adjacent to the east rail in Orleans street north of the tracks in Indiana street for a distance of ten or twelve feet, leaving a hole of that length, five or six feet wide and twelve or fourteen inches deep alongside of said rail; that from time to time loads of dirt and cinders were thrown into such hole; that on the day of the accident the filling in said hole was soft and in such condition that the wheel of a wagon would sink down into such filling. On the day of the accident plaintiff was driving a team and wagon loaded with five tons of baled hay north in the east tracks in Orleans street, with his wheels tracking in the grooves of the rails. He sat on a seat attached to the bed of the wagon and his feet were on a foot rest. He had a well

broken team and held a tight rein in each hand.   When he reached the tracks in Indiana street he stopped to let a team pass in front of him, and when it had passed started forward, crossed the tracks in Indiana street and proceeded north, his wheels tracking in the rails of the east track.   When he came abreast of the hole above mentioned a car was coming from the north in the west track ringing its gong.   With the wagon in the east tracks there was a clearance of two and a half feet between the car on the west track and the load on the wagon, and plaintiff did not intend to turn out, but in some way, perhaps because the team turned to the east to avoid the approaching car, the right fore wheel of the wagon ran off the rail to the east, the wheel sank down in the hole above mentioned so far that plaintiff was thereby thrown from his seat to the pole of the wagon.   He attempted to catch hold of the harness, but failed and fell to the ground and the hind wheel of the wagon ran over his right arm and leg and inflicted the injuries complained of.   Plaintiff had before his injury noticed the hole, and testified that part of the time it was filled up and he could not see any hole, and that on that day he did not see any hole.   There is in the record no evidence tending to show that there was any place or way for plaintiff to drive north in Orleans street better or safer than the tracks in which he was driving when injured.

We think that from the evidence the jury might properly find that the defendant city was guilty of the negligence alleged in the declaration; that plaintiff was not guilty of contributory negligence; that defendant's negligence was the proximate cause of plaintiff's injury, and therefore that the verdict cannot be held to be against the evidence.   City of Mattoon v. Faller, 217 Ill. 273; City of Chicago v. Kubler, 133 Ill. App. 336; and cases there cited.

Plaintiff sustained a compound fracture of the thigh bone or femur and of the bone of the arm or humerus. He was taken to a hospital the day of the injury, May

20, 1903, and there remained until February 6, 1904. The bones of both the thigh and arm failed to unite at the usual time. To bring about such union both his thigh and arm were operated on several times, an inch of each end of the thigh bone was cut away, and a dovetail flap of the bones of the arm made. There is a shortening of nearly three inches of the thigh bone and two inches of the bone of the arm, and both bones are deformed. Inflammation set in involving both the knee and the elbow, and there is arthritis of the knee and ankylosis of the elbow, and the movement of both knee and elbow is greatly limited.

In view of the nature of plaintiff's injuries and their consequences, we cannot say that the damages awarded by the jury are excessive.

Plaintiff offered in evidence the ordinance referred to in the second count of the declaration, the court on the objection of the defendant receiver excluded it, and the defendant city excepted. Assuming that the question of the admissibility of the ordinance was saved for review by appellant, we think the ordinance was properly excluded. It was the duty of the city to use reasonable care to keep the street in question in a reasonably safe condition, and it could not be released or excused from the performance of that duty by an ordinance providing that the receiver of a street railway company should keep a portion of such street in repair. City of Chicago v. Kubler, *supra.*

The record is free from error and the judgment is affirmed.

*Affirmed.*